UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STANLEY EZELL SINGLETON,<br><br>                Petitioner,<br><br>vs.<br><br>JOHN MARSHALL, Warden,<br><br>                Respondent. | Civil No. 07-2415 H (AJB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |
|---|---|

Petitioner, Stanley Ezell Singleton, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his November 2000 convictions and sentences in San Diego Superior Court case Nos. SCD 142448, SCD 149494 and CR 142620.

### PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS

On January 6, 2003, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in Case No. 03cv0021-K (RBB). In that petition, Petitioner challenged his convictions and sentences in San Diego Superior Court case Nos. SCD 142448, SCD 1494994 and CR 142620. On February 5, 2004, this Court denied the petition on the merits. (See Order filed 2/5/04 in Case No. 03cv0021-K (RBB).) Petitioner appealed that determination. On May 26, 2004, the

1  Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability and
2  dismissed the appeal. (See Doc. No. 50 in Case No. 03cv0021-K (RBB).)

3  On August 31, 2005, Petitioner filed in this Court another Petition for Writ of Habeas
4  Corpus in Case No. 05cv1708 BTM (NLS). In that petition, petition sought to challenge the
5  imposition of a parole term as part of the sentence imposed for the same convictions he
6  challenged in his prior federal habeas petition. (See Case No. 05cv1708, Aug. 31, 2005 Pet. at
7  1.) Petitioner acknowledged that he had filed a prior federal habeas petition challenging the
8  same convictions and sentences. (Id. at 6-7.) He contended that he learned around December
9  of 2003 that a period of parole would follow his release from custody, and stated that he
10 immediately filed a habeas petition in the San Diego Superior Court contending that he was
11 never advised that he would have to serve a parole term after the expiration of his sentence. (Id.)

12 This Court dismissed the Petition in Case No. 05cv1708 as successive on September 22,
13 2005. The Court found that Petitioner's claim that he was improperly sentenced to serve a
14 parole term arose at the time of sentencing and that the documents attached as exhibits to the
15 Petition indicated that Petitioner was informed by the trial judge in open court during sentencing
16 of the existence of a parole term with respect to case SCD 149494, and that he initialed the box
17 on the change of plea form next to the statement that he understood that he could receive a parole
18 term as to case SCD 142448. (See Aug. 31, 2005 Pet. Ex. A at 3, 24.)

19 Petitioner filed an application with the Court of Appeals for the Ninth Circuit for
20 permission to file a second or successive petition. The application was denied on March 7, 2006.
21 (See Case No. 05cv1708 BTM (NLS) doc. no. 5, Copy of Appellate Order Denying Application
22 to File Second or Successive Petition.)

23 **INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

24 Petitioner is now seeking to challenge the same convictions he challenged in his prior
25 federal habeas petition. He again challenges the imposition of parole as part of his sentence.
26 Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals
27 authorizing the district court to consider a successive petition, the petition may not be filed in
28

1  the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit
2  Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

**IT IS SO ORDERED.**

DATED: January 3, 2008

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT