**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY EZELL SINGLETON,<br><br>                               Petitioner,<br>     vs.<br>ANTHONY EWING, parole agent,<br><br>                               Respondent. | CASE NO. 07-CV-2415 H (AJB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On December 26, 2007, Stanley Ezell Singleton, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 3, 2008 the Court dismissed the petition under 28 U.S.C. § 2244(b)(3)(A) as an impermissible "second or successive" petition filed without permission from the Court of Appeals. (Doc. No. 3.) Petitioner has moved for reconsideration of that dismissal. (Doc. No. 5.) For the following reasons, the Court denies Petitioner's motion.

**Discussion**

Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant or deny reconsideration is within the discretion of the district court. United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970).

As the Court noted in its order dismissing the petition, Petitioner previously filed several federal habeas petitions challenging his November 2000 convictions and sentences in San Diego Superior Court case numbers SCD 142448, SCD 149494 and CR 142620. (See Doc. No. 3.) The first such petition, Case No. 03-CV-0021 K (RBB), was filed on January 6, 2003. On February 5, 2004, the Court denied the petition on the merits. (Case No. 03-CV-0021, Doc. No. 39.) Petitioner appealed to the Ninth Circuit, and that court on May 26, 2004 denied Petitioner's request for a certificate of appealability and dismissed the appeal. (See Case No. 03-CV-0021, Doc. No. 50.)

On August 31, 2005, Petitioner filed a second habeas petition, Case No. 05-CV-1708 BTM (NLS). That petition sought to challenge the imposition of a parole term as part of the sentence imposed for the same convictions Petitioner challenged in his previous petition. (See Case No. 05-CV-1708, Doc. No. 1, Pet. at 1.) Although acknowledging that he had filed a prior federal habeas petition challenging the same convictions and sentences, Petitioner contended that he learned in approximately December 2003 that a period of parole would follow his release from custody. (Id. at 6-7.) Petitioner asserted that he was never advised that he would have to serve a period of parole following the expiration of his sentence. (Id.)

On September 22, 2005, the Court dismissed the petition in Case No. 05-CV-1708 as an impermissible "second or successive" petition. (Case No. 05-CV-1708, Doc. No. 2.) The Court concluded that Petitioner's claim arose at the time of sentencing and that there was no basis for a finding that Petitioner was unable to present the claim in his previous petition. (Id., Doc. No. 3.)

In the present case, the Court dismissed the petition for the same reason, and the Court concludes that Petitioner's motion fails to establish grounds for reconsideration of that dismissal. Because Petitioner's claims arose at the time of sentencing, Petitioner's reliance on Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002) is misplaced.

///

///

1   The Court denies Petitioner's motion for reconsideration.

2   IT IS SO ORDERED.

3   DATED: January 30, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT