

**FILED**
MAR 10 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

07CV2415 H (AJB)

RECEIVED
MAR 10 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

RETURN TO SENDER
INMATE PAROLED

Paroled
Roy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA 92101-8900

OFFICIAL BUSINESS

Mr. Stanley E. Singleton
T-01626, 4-16-203-4
P.O. Box 799004
San Diego Ca 92179

SAN DIEGO CA 92[...]
27 FEB 2008 PM
STATE PRISON
USA 41

United States District Court
880 Front Street
San Diego Ca 92101

92101+8837

legal mail

Mr. Stanley E. Singleton
T-01626
P.O. Box 799004
San Diego Ca 92179

To: Court Clerk

1. On or about Dec 07, I Filed a motion for reconsideration with the Court concerning my Habeas Corpus No. 07-2415-H-AJB. Could you please send me the Courts order regarding this case Singleton vs Parole Agent Anthony Ewing. Also Court's original order, and an Application to File a Second Successive Petition in Ninth Circuit if necessary.

2. On or about 2006, I Filed a Habeas Corpus in Southern District. It was the prior writ before the one above. Could you please send me the Courts order to that case. Singleton vs John Marshall

Date 2-24-08

Stan Singleton

~~Also put~~

P.S. If for some reason I'm release from prison, you can send to my home address at 6346 Nimmy CT San Diego Ca 92114.

If the mail is returned.

CLOSED, HABEAS

# U.S. District Court
# Southern District of California (San Diego)
# CIVIL DOCKET FOR CASE #: 3:07-cv-02415-H-AJB
# Internal Use Only

Singleton v. Ewing
Assigned to: Judge Marilyn L. Huff
Referred to: Magistrate Judge Anthony J. Battaglia
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 12/26/2007
Date Terminated: 01/03/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Stanley Ezell Singleton**     represented by  **Stanley Ezell Singleton**
6346 Kimmy Court
San Diego, CA 92114
PRO SE

V.

**Respondent**

**Anthony Ewing**
*Parole Agent*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/26/2007 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 0. Not paid, motion for IFP submitted), filed by Stanley Ezell Singleton.(rmm) (mam). (Entered: 12/27/2007) |
| 12/26/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by Stanley Ezell Singleton. (rmm) (Entered: 12/27/2007) |
| 01/03/2008 | 3 | ORDER DISMISSING CASE without prejudice to |

| | | |
|---|---|---|
| | | Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Ninth Circuit Application for Leave to File Second or Successive Petition mailed to petitioner. Signed by Judge Marilyn L. Huff on 01/03/08. (agp) (bar). (Entered: 01/03/2008) |
| 01/22/2008 | 4 | Discrepancy Order by Judge Marilyn L. Huff accepting document: Motion for Reconsideration from Petitioner Stanley Ezell Singleton, non-compliance with local rule 5.1, Missing time and date on motion and/or supporting documentation, 7.1, Lacking memorandum of points and authorities in support as a separate document and Other: Case closed as of 1/3/2008. Signed by Judge Marilyn L. Huff on 1/18/2008. (rmm) (Entered: 01/22/2008) |
| 01/22/2008 | 5 | MOTION for Reconsideration by Stanley Ezell Singleton. Nunc pro tunc to 1/16/2008. (rmm) (Entered: 01/22/2008) |
| 01/28/2008 | 6 | NOTICE of Change of Address by Stanley Ezell Singleton. (rmm) (Entered: 01/29/2008) |
| 01/30/2008 | 7 | ORDER denying 5 Motion for Reconsideration. Signed by Judge Marilyn L. Huff on 01/30/08. (ag) (av1, ). (Entered: 01/31/2008) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY EZELL SINGLETON,<br><br>  Petitioner,<br>vs.<br>ANTHONY EWING, parole agent,<br>  Respondent. | CASE NO. 07-CV-2415 H (AJB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On December 26, 2007, Stanley Ezell Singleton, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 3, 2008 the Court dismissed the petition under 28 U.S.C. § 2244(b)(3)(A) as an impermissible "second or successive" petition filed without permission from the Court of Appeals. (Doc. No. 3.) Petitioner has moved for reconsideration of that dismissal. (Doc. No. 5.) For the following reasons, the Court denies Petitioner's motion.

### Discussion

Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant or deny reconsideration is within the discretion of the district court. United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970).

1    As the Court noted in its order dismissing the petition, Petitioner previously filed several federal habeas petitions challenging his November 2000 convictions and sentences in San Diego Superior Court case numbers SCD 142448, SCD 149494 and CR 142620. (See Doc. No. 3.) The first such petition, Case No. 03-CV-0021 K (RBB), was filed on January 6, 2003. On February 5, 2004, the Court denied the petition on the merits. (Case No. 03-CV-0021, Doc. No. 39.) Petitioner appealed to the Ninth Circuit, and that court on May 26, 2004 denied Petitioner's request for a certificate of appealability and dismissed the appeal. (See Case No. 03-CV-0021, Doc. No. 50.)

On August 31, 2005, Petitioner filed a second habeas petition, Case No. 05-CV-1708 BTM (NLS). That petition sought to challenge the imposition of a parole term as part of the sentence imposed for the same convictions Petitioner challenged in his previous petition. (See Case No. 05-CV-1708, Doc. No. 1, Pet. at 1.) Although acknowledging that he had filed a prior federal habeas petition challenging the same convictions and sentences, Petitioner contended that he learned in approximately December 2003 that a period of parole would follow his release from custody. (Id. at 6-7.) Petitioner asserted that he was never advised that he would have to serve a period of parole following the expiration of his sentence. (Id.)

On September 22, 2005, the Court dismissed the petition in Case No. 05-CV-1708 as an impermissible "second or successive" petition. (Case No. 05-CV-1708, Doc. No. 2.) The Court concluded that Petitioner's claim arose at the time of sentencing and that there was no basis for a finding that Petitioner was unable to present the claim in his previous petition. (Id., Doc. No. 3.)

In the present case, the Court dismissed the petition for the same reason, and the Court concludes that Petitioner's motion fails to establish grounds for reconsideration of that dismissal. Because Petitioner's claims arose at the time of sentencing, Petitioner's reliance on Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002) is misplaced.

///
///

1 | The Court denies Petitioner's motion for reconsideration.
2 | IT IS SO ORDERED.
3 | DATED: January 30, 2008

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

TERMED

# U.S. District Court
# Southern District of California (San Diego)
# CIVIL DOCKET FOR CASE #: 3:05-cv-01708-BTM-NLS
# Internal Use Only

Singleton v. Marshall
Assigned to: Judge Barry Ted Moskowitz
Referred to: Magistrate Judge Nita L. Stormes
Demand: $0
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 08/31/2005
Date Terminated: 09/22/2005
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Stanley Ezell Singleton**    represented by **Stanley Ezell Singleton**
T-01626
CMC
California Mens Colony
PO Box 8103
San Luis Obispo, CA 93403-8103
PRO SE

V.

**Respondent**

**John Marshall**
*Warden*

represented by **Attorney General**
State of California
Office of the Attorney General
110 West A Street
Suite 1100
San Diego, CA 92101-5266
(619)645-2076

Fax: (619)645-2313
Email:
docketingsdawt@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2005 | 1 | Petition for Writ of Habeas Corpus by Stanley Ezell Singleton referred to Magistrate Judge Nita L. Stormes : Receipt No/Amt of FEE: 116784,$5.00 (dkt clerk) (Entered: 09/01/2005) |
| 09/22/2005 | 2 | Summary dismissal of successive petition pursuant to 29 USC 2244(b)(3)(A) Gatekeeper Provision and Order by Judge Barry T. Moskowitz; the Court dismisses this action without prejudice to petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Application for Leave to File Second or Successive Petition (attached for petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition) (ksr) (Entered: 09/23/2005) |
| 09/22/2005 | | (Court only) Docket Modification (Utility Event) dismissing without prejudice the habeas corpus petition [1-1] (ksr) Modified on 09/23/2005 (Entered: 09/23/2005) |
| 09/23/2005 | 3 | Clerks Judgment: the Court dismisses this action without prejudice to petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Application for Leave to File Second or Successive Petition terminating case (ksr) (Entered: 09/23/2005) |
| 09/28/2005 | 4 | DISCREPANCY ORDER by Magistrate Judge Nita L. |

|  |  |  |
|---|---|---|
|  |  | Stormes rejecting document: Exhibit C from petitioner Stanley Ezell Singleton , non-compliance with local rule document does not specify what it is an exhibit to; Petition was dismissed and case has been terminated unless petitioner obtains an order from the Ninth Circuit. See order of 9/22/05 and judgment of 9/23/05. (ksr) (Entered: 09/28/2005) |
| 03/07/2006 | 5 | Copy of Appellate Court Order: The application to file a second or successive 28:2254 habear corpus petition in the district court is denied. No petition for rehearing or motion for reconsideration shall be filed in this case. (dkt clerk) (Entered: 03/13/2006) |

FILED

05 SEP 22 AM 8: 29

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY EZELL SINGLETON,<br><br>                  Petitioner,<br><br>    vs.<br><br>JOHN MARSHALL, Warden,<br><br>                  Respondent. | Civil No. 05cv1708-BTM (NLS)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

    Petitioner, Stanley Ezell Singleton, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his November 2000 convictions and sentences in San Diego Superior Court case Nos. SCD 142448, SCD 149494 and CR 142620.

### PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS

    On January 6, 2003, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in Case No. 03cv0021-K (RBB). In that petition, Petitioner challenged his convictions and sentences in San Diego Superior Court case Nos. SCD 142448, SCD 1494994 and CR 142620. On February 5, 2004, this Court denied the petition on the merits. (See Order filed 2/5/04 in Case No. 03cv0021-K (RBB).) Petitioner appealed that determination. On May 26, 2004, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability and dismissed the appeal. (See Doc. No. 50 in Case No. 03cv0021-K (RBB).)



-1-

05cv1708

## INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the imposition of a parole term as part of the sentence imposed for the same convictions he challenged in his prior federal habeas petition. (Pet. at 1.) Petitioner acknowledges that he has filed a prior federal habeas petition challenging the same convictions and sentences. (Id. at 6-7.) He contends that he learned around December of 2003 that a period of parole would follow his release from custody, and states that he immediately filed a habeas petition in the San Diego Superior Court contending that he was never advised that he would have to serve a parole term after the expiration of his sentence. (Id.)

Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition. The instant Petition is considered successive under section 2244(b)(3)(A) because Petitioner could have brought his claim in the prior petition, as the claim arose at the time of sentencing. Hill v. State of Alaska, 297 F.3d 895, 899 (9th Cir. 2002).

Petitioner cites Hill for the proposition that the new Petition is not successive because it raises a parole issue. (Pet. at 12.) The petitioner in Hill, after his initial federal habeas petition was denied on the merits, presented parole-related claims in two subsequent federal habeas petitions filed after he became eligible for parole, but both of those petitions were dismissed without reaching the merits of the claims. Hill, 297 F.3d at 899. Because the claim asserted in Hill, that the parole release date had been calculated improperly, had arisen only after petitioner had become eligible for parole, and had arisen after his initial federal habeas petition challenging his conviction had been denied on the merits, the Court found that petitioner could not have raised the claim in any prior petition which had been denied on the merits. Id. Unlike Hill, however, Petitioner's claim that he was improperly sentenced to serve a parole term arose at the time of sentencing. The documents attached as exhibits to the Petition indicate that Petitioner was informed by the trial judge in open court during sentencing of the existence of a parole term with respect to case SCD 149494, and that he initialed the box on the change of plea form next

to the statement that he understood that he could receive a parole term as to case SCD 142448.[1] (See Pet. Ex. A at 3, 24.)

To the extent Petitioner contends that his claim did not arise until August 8, 2004, the date prison authorities denied his inmate appeal on the subject (see Pet. at 13), his contention is without merit. Because the claim involves the imposition of a parole term by the trial court at the time of sentencing, which, as the state court observed in denying Petitioner's claim, was not only mandatory but was acknowledged as possible by Petitioner at the time of sentencing (see Pet. Ex. A at 2-3), there is simply no basis for a finding that Petitioner was unable to present the claim in a federal habeas petition until after exhaustion of prison administrative grievance procedures.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

IT IS SO ORDERED.

DATED: September 20, 2005

Barry Ted Moskowitz
United States District Judge

CC:   ALL PARTIES

---

[1] The form with Petitioner's initials is also attached as an exhibit to the previous federal petition filed in this Court. (See Doc. No. 1 in Case No. 03cv0021-K (RBB) at p. 48.)

-3-

05cv1708

**Form 12.**      Application for Leave to File Second or Successive Petition
*(New, 7/1/02)*    Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255

UNITED STATES COURT of APPEALS
for the NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103

Application for Leave to File Second or Successive Petition
<u>Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255</u>

Docket Number _____
                    (to be provided by court)
Petitioner's name _____

Prisoner registration number

Address _____

---

**Instructions - Read Carefully**

(1) This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury. An original and five (5) copies must be provided to the Clerk of the Ninth Circuit. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely. Add separate sheets if necessary.

(3) The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

(4) The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

---

You <u>*Must*</u> Answer the Following Questions:

(1) What conviction(s) are you challenging?

_____

_____

(2)   In what court(s) were you convicted of these crime(s)?

_____

_____

(3)   What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

> **For questions (4) through (9), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4)   With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254 or § 2255**?
Yes ☐        No ☐

(a) In which federal district court did you file a petition or motion?

_____

(b) What was the docket number? _____

(c) On what date did you file the petition/motion? _____

(5)   What grounds were raised in your previous habeas proceeding?
(list all grounds and issues previously raised in that petition/ motion)

_____

_____

_____

(6)   Did the district court hold an evidentiary hearing? Yes ☐        No ☐

(7) How did the district court rule on your petition/motion?

☐ District court **dismissed** petition/motion? If yes, on what grounds?
_____

☐ District court **denied** petition/motion;

☐ District court **granted** relief;
if yes, on what claims and what was the relief?

_____

**(Attach copies of all reports and orders issued by the district court.)**

(8) On what date did the district court decide your petition/motion?
_____

(9) Did you file an appeal from that disposition? Yes ☐   No ☐

(a) What was the docket number of your appeal? _____

(b) How did the court of appeals decide your appeal?_____
_____
_____

(10) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.
_____
_____
_____

(11) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when?
_____

(12) For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)
_____
_____

(13)   For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)
_____
_____

(14)   For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? (list each ground separately)
_____
_____
_____

(15)   For each ground/issue raised, does the newly discovered evidence establish your innocence? How?
_____
_____

(16)   For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?
_____
_____

(17)   Provide any other basis for your application not previously stated.
_____
_____
_____

Date: _____        Signature: _____

**Proof of Service on Respondent MUST be Attached.**